UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMIE SALCEDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:11-CV-351 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Jamie Salcedo, a *pro se* prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging his 2006 conviction in Marion County for dealing in cocaine. (DE 1.) The respondent argues that the petition is untimely and, alternatively, that Salcedo's claims are procedurally defaulted. (DE 10.)

In August 2005, Salcedo was charged with multiple drug offenses in Marion County. (DE (DE 9-1 at 1-3.) On April 27, 2006, he pled guilty to one count of dealing in cocaine in exchange for dismissal of the other charges. (*Id.* at 12-13.) On May 11, 2006, the trial court sentenced him to 20 years in prison. (*Id.* at 13.) He did not pursue a direct appeal. (*See id.* at 13-14.)

In June 2006, Salcedo filed a petition for post-conviction relief alleging ineffective assistance of trial counsel. (*Id.* at 14; DE 14-4 at 4-7.) On August 24, 2010, following an evidentiary hearing at which Salcedo was represented by counsel, the trial court denied the petition. (DE 9-1 at 22-23.) On October 21, 2010, Salcedo sought leave to pursue a belated appeal, but he failed to perfect his request, and on February 15, 2011, his appeal was dismissed with prejudice. (DE 9-2; DE 9-3.) He did not seek review in the Indiana Supreme Court. (*See* DE 9-2.) In April 2011, Salcedo sought leave in the Indiana Supreme Court to file a successive post-

conviction petition raising new grounds of ineffective assistance of counsel and other claims. (DE 9-4; DE 14-3.) His request was denied. (DE 9-4.) In September 2011, Salcedo filed this federal petition raising claims of ineffective assistance of trial and post-conviction counsel, and errors by the trial court in connection with his guilty plea. (DE 1.)

Salcedo's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of——
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Salcedo's claims do not involve newly discovered evidence or a newly recognized constitutional right made retroactively applicable to cases on collateral review, nor does he assert that a state-created impediment prevented him from filing his federal petition on time.[1] (*See* DE 1 at 7.) Therefore, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply, and he had one year from the date his conviction became final to pursue federal habeas relief. As stated above, Salcedo was sentenced on May 11, 2006, and he did not pursue a direct appeal; therefore, his conviction became final—and the one-year statute of limitations began running—when the time for filing an appeal expired thirty days later. *See* IND. APP. R. 9(A) (appeal must be filed within 30 days of final judgment); *Gonzalez v. Thayer*, 132 S. Ct. 641, 653-54 (U.S. Jan. 10, 2012) (when a state prisoner does not complete the direct review process in state court, his conviction becomes final when the time for seeking such review expires).

The court notes that there is some ambiguity in the record as to when Salcedo filed his state post-conviction petition. For unknown reasons, the state docket reflects that Salcedo filed "correspondence" with the court on June 13, 2006, but it appears from subsequent docket entries that this filing was actually a post-conviction petition. (*See* DE 9-1 at 14-16.) Salcedo has also submitted an exhibit prepared by his post-conviction counsel which lists June 13, 2006, as the date he filed his post-conviction petition. (*See* DE 14-4 at 4.) Nevertheless, the court need not resolve this ambiguity, because the filing date is not critical to the timeliness analysis. Salcedo's

---

[1] One of Salcedo's claims is premised on trial counsel's failure to advise him about the immigration consequences of his guilty plea in accordance with *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010) (counsel provided ineffective assistance by failing to advise defendant that pleading guilty carried risk of deportation). That case was decided approximately four years after Salcedo's conviction became final. Although Salcedo has not expressly made this argument, the court has considered whether his claim could be deemed timely under 28 U.S.C. § 2244(d)(1)(C). However, that provision is of no help to Salcedo, because the rule announced in *Padilla* has not been made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C); *Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011).

post-conviction petition was denied on August 24, 2010, and he waited more than a year—until September 2, 2011—to file his federal petition. (*See* DE 1 at 8.) Although in the interim he sought leave to pursue a belated appeal and to file a successive post-conviction petition, his requests were denied, and so the one-year deadline was not tolled while these filings were pending. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)."). Salcedo's petition was therefore filed several days too late.[2]

Salcedo has not responded to the state's timeliness arguments, and instead he submitted numerous exhibits related to the merits of his claims. (*See* DE 14.) These exhibits do not establish that the petition was timely filed, nor do they provide a basis for excusing the petition's untimeliness. In his petition, when asked to explain why it was timely filed under 28 U.S.C. § 2244(d), Salcedo stated as follows: "To exhaust of all of my State Court remedies in the State of Indiana takes longer than one year. There was no way that I could exhaust my remedies in a (1) year time period." (DE 1 at 7.) This argument is misplaced, however, because the one-year deadline was tolled during the time Salcedo's state post-conviction proceedings were pending. 28 U.S.C. § 2244(d)(2). As indicated above, the problem arose when Salcedo waited more than a

---

[2] Salcedo asserts in his petition that he turned his federal petition over to prison officials for mailing on September 2, 2011. (DE 1 at 8.) As the respondent points out, this date is questionable given that an attachment to the petition was notarized on September 19, 2011. (DE 1-2 at 6.) For purposes of this opinion, the court has given Salcedo the benefit of the doubt and accepted September 2, 2011, as the applicable filing date. However, for the reasons explained above, this still does not render the petition timely.

year after the post-conviction proceedings came to a conclusion to file his federal petition. Accordingly, the petition is untimely and must be dismissed.

Even if the petition were deemed timely, Salcedo's claims are procedurally defaulted. (*See* DE 10 at 7-12.) Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his federal claim in one complete round of state review, including with the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also based on comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). In essence, when a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise the claim has passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

Here, Salcedo did not pursue a direct appeal. (DE 9-1.) His efforts to file a belated appeal on post-conviction review were rejected by the Indiana Court of Appeals, and he did not seek further review in the Indiana Supreme Court. (DE 9-2; DE 9-3.) He later sought leave from the

Indiana Court of Appeals to pursue a successive state post-conviction petition, but his request was denied. (DE 9-4.) Because Salcedo did not raise any of his claims in one complete round of state review, the claims are procedurally defaulted. *See Boerckel*, 526 U.S. at 853-54. Salcedo does not address the state's procedural default argument or provide grounds for excusing his procedural default.[3] (*See* DE 14.) Accordingly, his claims cannot be reached on the merits.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, Salcedo's petition is untimely and his claims procedurally defaulted. Nothing before the court suggests that jurists of reason could

---

[3] In his petition, Salcedo asserts a free-standing claim of ineffective assistance by post-conviction counsel, which appears to be based on her failure to assert a claim that trial counsel provided ineffective assistance by not advising him about the deportation consequences of his guilty plea. (*See* DE 1; DE 14.) Only in rare circumstances can ineffective assistance of post-conviction counsel provide grounds for excusing a procedural default, such as where counsel abandons her client altogether. *Maples v. Thomas,* 132 S. Ct. 912, 922-23 (U.S. Jan. 18, 2012.) The simple fact that Salcedo's counsel declined to raise certain claims in the post-conviction proceedings would not meet this criteria. *See id.* at 922. Notably, it appears from one of Salcedo's exhibits that counsel decided such a claim was not likely be successful, because if called as a witness Salcedo's trial counsel intended to testify that she did advise Salcedo about the immigration consequences of his guilty plea. (*See* DE 14-6 at 19.) Furthermore, before a claim of ineffective assistance can be used to excuse a procedural default, it must be presented in one complete round of state court review. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Here, Salcedo did not raise a claim based on ineffective assistance of post-conviction counsel in one complete round of state review. (*See* DE 9-4; DE 14-3.)

debate the correctness of this procedural ruling or find a reason to encourage Salcedo to proceed further. Accordingly, the court declines to issue a certificate of appealability.

For the reasons set forth above, the petition (DE 1) is DISMISSED WITH PREJUDICE and the court DENIES the petitioner a certificate of appealability.

SO ORDERED.

ENTERED: March 16, 2012

                                           s/William C. Lee
                                           William C. Lee, Judge
                                           United States District Court